## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES THOMAS, KERRY THOMAS, GREGORY NORLIN, NANCY NORLIN and THE SIERRA CLUB, | |
| Plaintiffs, | No. 06-CV-115-LRR |
| vs. | **ORDER** |
| THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, Administrator, and JOHN B. ASKEW,[1] Regional Administrator, Region VII of the United States Environmental Protection Agency, | |
| Defendants. | |

_____

This is an action for judicial review of a decision of the United States Environmental Protection Agency ("EPA"). Plaintiffs bring this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 500, *et seq*.

On November 28, 2006, after a hearing, a United States magistrate judge ordered the parties to file briefs on the merits. The magistrate judge specifically observed: "While the parties mentioned summary judgment as the procedural vehicle for resolving this case, the court is convinced that the better procedure is simply to have briefs filed on the merits." Order (docket no. 14), at 1. The magistrate judge's order was fully consistent with Local Rule 56.1.h. *See* LR 56.1.h (making clear that summary judgment rules do not apply to judicial review); *see also Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), John B. Askew is substituted as the defendant, in place of James Gulliford.

1579-80 (10th Cir. 1994) (holding that summary judgment practice is "inconsistent with the standards for review of agency action under the APA" and "permits the issues on appeal to be defined by the appellee" and is an "impermissible devic[e] [that] works to the disadvantage of the appellant"); *id.* at 1580 ("We have expressly disapproved of the use of this procedure in administrative appeals in the past, and explicitly prohibit it now." (Footnote omitted.)); *Phoenix-Griffin Group II, Ltd. v. Chao*, 376 F. Supp. 2d 234, 245 (D.R.I. 2005) (similiar); *Lodge Tower Condo. Ass'n v. Lodge Props., Inc.*, 880 F. Supp. 1370, 1374 (D. Colo. 1995) ("[A motion for summary judgment] makes no procedural sense . . . . Agency action . . . is reviewed, not tried."), *aff'd*, 85 F.3d. 476 (10th Cir. 1996). The magistrate judge then set a briefing schedule.

Plaintiffs complied with the magistrate judge's order, but Defendants did not. On March 2, 2007, Plaintiffs filed a "Brief in Support of Complaint for Judicial Review of Administrative Action" (docket no. 31-2). On May 17, 2007, instead of filing a responsive brief on the merits, Defendants asked permission to file an overlength "Memorandum in Opposition to Plaintiffs' Motion and in Support of EPA's Cross-Motion for Summary Judgment" (docket no. 38-3) and filed a Cross-Motion for Summary Judgment (docket no. 39-1). In the Cross-Motion for Summary Judgment, Defendants state: "EPA construes Mr. Thomas' motion as a motion for summary judgment under Fed. R. Civ. P. 56, which is the standard procedural vehicle for judicial review under the APA." Cross-Motion for Summary Judgment (docket no. 39-1), at 1 (citing *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 763 (8th Cir. 2004)[2]). Defendants further stated: "EPA opposes Mr. Thomas' motion and cross-moves for summary judgment in its favor." *Id.* at 1-2.

On May 21, 2007, a United States magistrate judge permitted Defendants to file the

---

[2] The cited case does not support Defendants' assertion. Rather, the Eighth Circuit Court of Appeals affirmed a district court's grant of "summary judgment" in the APA context without discussion of the potential issue.

overlength "Memorandum in Opposition to Plaintiffs' Motion and in Support of EPA's Cross-Motion for Summary Judgment." The magistrate judge noted that Defendants ignored Local Rule 56.1.h but allowed Defendants permission to file an overlength brief and gave Plaintiffs an additional twenty days to file a reply brief on the merits, at which time "the matter will be deemed fully submitted." Order (docket no. 41), at 1-2. On June 18, 2007, Plaintiffs filed a "Reply Brief in Support of Complaint for Judicial Review of Administrative Action" (docket no. 45).

Defendants' failure to abide by the magistrate judge's order and Local Rule 56.1.h was wilful and without justification and has created some confusion in the docketing and administrative handling of the case. It is not the province of a party to unilaterally construe a motion as it wishes, in direct contravention of a court order and the Local Rules. Counsel for Defendants are on notice that future wilful violations of the court's orders and the Local Rules may result in monetary sanctions.

**IT IS THEREFORE ORDERED THAT:**

(1) In deciding whether to grant the relief the Plaintiffs request in their Complaint, the court shall consider: (1) Plaintiffs' Brief in Support of Complaint for Judicial Review of Administrative Action (docket no. 31-2); Defendants' "Memorandum in Opposition to Plaintiffs' Motion and in Support of EPA's Cross-Motion for Summary Judgment" (docket no. 38-3), which the court construes as a responsive brief on the merits; (3) Plaintiffs' "Reply Brief in Support of Complaint for Judicial Review of Administrative Action" (docket no. 45); and (4) any and all relevant associated attachments and filings;

(2) The Clerk of Court is directed to terminate Defendants' Cross Motion for Summary Judgment (docket no. 39-1);

(3) The Clerk of Court is directed to show the Complaint as "ready for decision" as of June 18, 2007;

(4) John B. Askew is hereby substituted as the defendant in place of James Gulliford; and

(5) This matter is referred to United States Magistrate Judge Jon Stuart Scoles for a report and recommendation.

**IT IS SO ORDERED.**

**DATED** this 23d day of July, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA