**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JAMES G. THOMAS, KERRY THOMAS, GREGORY NORLIN, NANCY NORLIN and SIERRA CLUB, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, Administrator of the Environmental Protection Agency and JOHN B. ASKEW, Regional Administrator, Region VII of the United States Environmental Protection Agency, <br><br> Defendants. | No. 06-CV-115-LRR <br><br><br> **ORDER** |

_____

*TABLE OF CONTENTS*

I.     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.    *RELEVANT PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.   *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.    *OBJECTIONS TO THE REPORT AND RECOMMENDATION* . . . . . . . . *3*

V.     *DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*I. INTRODUCTION*

The matter before the court is Plaintiffs James G. Thomas, Kerry Thomas, Gregory Norlin and Sierra Club's ("Plaintiffs") Objection (docket no. 49) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation ("Report and Recommendation") (docket no. 48), which recommends the dismissal of the Complaint

(docket no. 1).

## II. RELEVANT PRIOR PROCEEDINGS

On August 10, 2006, Plaintiffs filed the Complaint in the instant action against the United States Environmental Protection Agency ("EPA"), Stephen Johnson and John Askew (collectively, "Defendants").[1] Plaintiffs seek the following: (1) declaratory relief stating the EPA violated the Administrative Procedure Act by partially approving the Iowa Department of Natural Resource's ("IDNR") Integrated Report, which contained Iowa waterbodies categorized as "impaired by a pollutant" (otherwise known as the "Section 303(d) list"); (2) an order setting aside certain action taken by the EPA pertaining to IDNR's § 303(d) list; and (3) attorneys fees and costs. On October 12, 2006, Defendants filed an Answer.

On November 28, 2006, the court ordered the parties to file a brief on the merits of the Complaint. On March 6, 2007, Plaintiffs filed their brief on the merits. On May 21, 2007, Defendants filed their brief on the merits.[2] On June 18, 2007, Plaintiffs filed a Reply.

On July 23, 2007, the court referred the instant action to Judge Scoles. On December 17, 2007, Judge Scoles filed the Report and Recommendation. The Report and

---

[1] Initially, the Complaint named James Gulliford as a defendant in the instant action. On July 23, 2007, John B. Askew was substituted as a defendant for James Gulliford pursuant to Federal Rule of Civil Procedure 25(c) (docket no. 46).

[2] On May 17, 2006, Defendants also attempted to file a Cross-Motion for Summary Judgment. On July 23, 2007, the court entered an order terminating Defendants' Cross-Motion for Summary Judgment because Defendants failed to comply with the November 28, 2006 order requiring the parties to file briefs on the merits—not motions for summary judgment (docket no. 46). That is, the court found Defendants' Cross-Motion for Summary Judgment was improper and in violation of the court's November 28, 2006 order.

Recommendation recommends the court dismiss the Complaint.

On December 27, 2007, Plaintiffs filed the Objection. On January 25, 2008, Defendants filed a Response to the Objection. On January 30, 2008, Plaintiffs filed a Reply and a Motion for Oral Argument. On February 5, 2008, Defendants filed a response to Plaintiffs' Motion for Oral Argument. Pursuant to Local Rule 7.c, the court finds the Objection does not necessitate oral argument at this time and, accordingly, denies Plaintiffs' request. The court finds the matter fully submitted and ready for decision.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2005); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(c)(3) (stating a judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). The Eighth Circuit Court of Appeals held it is reversible error for the district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600; *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### IV. OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiffs' Objection is comprised of the same arguments set forth in their briefing on the merits; no new arguments or objections are raised. Because Plaintiffs objected to

3

the Report and Recommendation in its entirety, the court reviews the entire Report and de novo review of the Report and Recommendation and the record, the court concludes there is no reason to reject or modify Judge Scoles's findings or conclusions in the Report and Recommendation.

However, the following portion of the Report and Recommendation requires clarification:

> The [c]ourt concludes that EPA properly determined that where the water quality impairment is not caused by pollutants, the water need not be included on the Section 303(d) list. *Since the impairment of Bays Breach is due to siltation, for example, it need not be included on the Section 303(d) list.* Accordingly, Plaintiffs are not entitled to relief on this ground.

Report and Recommendation (docket no. 48), at 16-17 (emphasis added). Specifically, Plaintiffs object to the italicized portion of the above-quoted statement, claiming "siltation" is, in fact, a "pollutant." Defendants concede Plaintiffs' objection is well-founded and that they consider "siltation" to be a "pollutant." However, Bays Breach was excluded from the Section 303(d) list because of "'flaws in the original analysis, including the lack of any water quality data or water quality criteria[.]'" Report and Recommendation (docket no. 48), at 13-14 (quoting Defendants' Exhibit 2 (docket no. 42-5), at 5 (AR0200185)). Bays Breach was not excluded from the Section 303(d) pursuant to a theory that its siltation impairment did not constitute a "pollutant." Because the specific statement at issue was used merely in the context of an example—not in the context of a holding or finding—it has no bearing on the outcome of the case and is considered dicta. The court therefore need not address whether "siltation" is a "pollutant." *See RTC Mortg. Trust 1994-N2 v. Haith*, 133 F.3d 574, 577 (8th Cir. 1998) (holding mere dicta has no bearing on court). Accordingly, the court shall adopt Judge Scoles's December 17, 2007 Report and Recommendation (Docket no. 48), and it shall dismiss the Complaint (Docket no. 1).

4

## V.  DISPOSITION

The court hereby **ADOPTS** the Report and Recommendation (docket no. 48) and **DISMISSES** the Complaint (Docket no. 1).

**IT IS SO ORDERED.**

**DATED** this 20th day of March, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA